[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10787
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-14057-RLR-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX GUERRIER,
a.k.a. Spook,

Defendant-Appellant.


_____

No. 15-10790
Non-Argument Calendar
_____

D.C. Docket No.  2:13-cr-14057-RLR-5

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,


versus

ROBIN JEAN GUILLAUME,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 31, 2016)



Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.



PER CURIAM:


In this consolidated appeal, co-conspirators Alex Guerrier and Robin Guillaume appeal their convictions and sentences -- after pleading guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1) and 846, and for discharging a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  No reversible error has been shown; we affirm.

## I.

First, we reject Guerrier's contention that he pleaded guilty only to the lesser-included offense of <u>possessing</u> a firearm in furtherance of a drug trafficking offense, under 18 U.S.C. § 924(c)(1)(A)(i), not to <u>discharging</u> a firearm in furtherance of a drug trafficking offense, under section 924(c)(1)(A)(iii). Guerrier's indictment, plea agreement, and presentence investigation report ("PSI"), as well as the district court's comments during sentencing, all refer expressly to Guerrier's offense as being a violation of section 18 U.S.C. § 924(c)(1)(A)(iii).  Furthermore,  the record demonstrates clearly that the parties contemplated -- and that Guerrier understood -- that Guerrier was facing a 10-year mandatory minimum sentence, consistent with a violation of section 924(c)(1)(A)(iii).

In the alternative, Guerrier argues that, to the extent he pleaded guilty to a violation of section 924(c)(1)(A)(iii), his guilty plea was not knowing and voluntary.  Because Guerrier failed to file written objections to the magistrate judge's report and recommendation (which recommended that the district court

3

accept Guerrier's knowing and voluntary guilty plea), Guerrier has waived his challenge to the validity of his guilty plea. See Fed. R. Crim. P. 59(b)(2); United States v. Garcia-Sandobal, 703 F.3d 1278, 1282-83 (11th Cir. 2013); United States v. Lewis, 492 F.3d 1219 (11th Cir. 2007) (en banc).

## II.

Guerrier next argues that the district court erred by imposing a two-level sentencing enhancement, pursuant to U.S.S.G. § 2D1.1(b)(12), for maintaining a premises for the purpose of manufacturing or distributing drugs. Guerrier raised no objection at sentencing; we review this issue only for plain error. See United States v. Maddox, 803 F.3d 1215, 1223 (11th Cir. 2015).

Both the stipulated factual basis for Guerrier's guilty plea and Guerrier's PSI provided that, during the conspiracy, Guerrier used his residence as a "stash house" from which he distributed drugs. Guerrier made no objection to these facts contained in the PSI; thus, the facts are deemed admitted for purposes of sentencing. See United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006). Furthermore, evidence recovered from Guerrier's residence -- including several kinds of drugs, three guns, two digital scales, and a metal grinder -- supports a finding that distribution of drugs was one of the "primary or principal uses" of the

4

house.  See U.S.S.G. § 2D1.1, comment. (n.17).  On this record, the district court committed no plain error in imposing a sentencing enhancement under section 2D1.1(b)(12).

### III.

On appeal, Guillaume challenges his above-guidelines sentence as both procedurally and substantively unreasonable.[*]

### A.

A sentence may be procedurally unreasonable if the district court calculates incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the chosen sentence.  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  Guillaume has failed to demonstrate that his sentence is procedurally unsound.

First, the district court committed no clear error in finding, by a preponderance of the evidence, that Guillaume was responsible for gunshot injuries sustained by two police officers during Guillaume's arrest.  Guillaume concedes

---

[*] Guillaume's guidelines range for Count I was 60 to 63 months' imprisonment; the district court sentenced Guillaume to 188 months.

that he fired a single shot as police officers attempted to enter the stash house, but he contends that at least one of the officers was injured by weapon fire coming from police officers.  The district court, however, accepted testimony from the injured officers that multiple shots were fired from inside the house.  Because the officers' testimony was not "*exceedingly* improbable" such that "no reasonable factfinder could accept it," we accept the district court's credibility determination.  See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (emphasis in original).  Also, even under Guillaume's version of the facts, Guillaume's shooting was at least the proximate cause of both officers' injuries.  Thus, Guillaume has not shown that the district court relied on clearly erroneous facts in selecting a sentence based in part on Guillaume's responsibility for serious injuries to two officers.

We also reject Guillaume's argument that the district court erred by permitting the two injured officers to testify as "crime victims" under the Crime Victims' Rights Act, 18 U.S.C § 3771 ("CVRA").  The CVRA defines "crime victim" broadly to include "a person directly and proximately harmed as a result of the commission of a federal offense."  18 U.S.C. § 3771(e).  Nothing evidences that police officers are categorically excluded from the definition of "crime victim."  Nor does Guillaume deny that the injured officers suffered direct or proximate harm as a result of his offense.  The injured officers' testimony about

the extent and severity of their injuries was pertinent to the district court's consideration of whether an above-guidelines sentence was warranted. And the district court has broad discretion to consider diverse evidence at sentencing. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Guillaume also argues that the district court erred procedurally in departing upward under U.S.S.G. § 5K2.2 instead of applying an upward adjustment under U.S.S.G. § 3A1.2. Because the district court explained expressly that it would have imposed the same sentence based on its consideration of the 18 U.S.C. § 3553(a) factors, we need not address Guillaume's arguments about application of section 5K2.2. Instead, we must only determine whether the sentence imposed was reasonable in the light of the section 3553(a) factors. See United States v. Keene, 470 F.3d 1347, 1348-50 (11th Cir. 2006).

### B.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard.

Gall v. United States, 128 S. Ct. 586, 597 (2007).  In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question."  Gonzalez, 550 F.3d at 1324.

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'"  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).  "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'"  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009).  "[T]hat we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal.'"  Id.

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Guillaume has failed to demonstrate that his above-guidelines sentence substantively was unreasonable.  The record demonstrates that Guillaume (together with co-conspirator Guerrier) maintained a stash house from which both men sold

8

drugs as part of a larger drug trafficking operation.  On the day of Guillaume's arrest, several officers arrived at the stash house, knocked on the door, and announced their presence.  As officers attempted to enter the front door, Guillaume fired at least one gunshot in the officers' direction, causing the officers to return fire.  As a result of the encounter, two officers were shot.

Based on the nature and circumstances of Guillaume's offense, the district court concluded that an above-guidelines sentence was necessary to reflect the seriousness of the offense, to protect the public, and to provide adequate deterrence.  The district court stressed that Guillaume knowingly created a risk of harm by maintaining a stash house for drugs, by keeping guns at the stash house, and by firing intentionally a gun toward persons at the front door.  Guillaume's conduct demonstrated a clear disregard for human life and, as a result of Guillaume's conduct, two officers were seriously injured (one of whom is now permanently disabled).

In the light of the record as a whole, the district court abused no discretion in determining that an above-guidelines sentence was warranted.  Although the degree of the deviation is substantial, the sentence imposed is proportionate to the seriousness of Guillaume's offense and is supported by the section 3553(a) factors.  In addition, that Guillaume's sentence of 188 months for Count I is well below the statutory maximum sentence of 40 years' imprisonment is further evidence of its

reasonableness.  See Gonzalez, 550 F.3d at 1324 (concluding a sentence was reasonable in part because it was well below the statutory maximum sentence).

On this record, we are not convinced that Guillaume's above-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors."  See Shaw, 560 F.3d at 1238.


IV.


Guillaume contends that his trial lawyer provided ineffective assistance during sentencing.  Because the record is not yet sufficiently developed on this issue, we decline to consider Guillaume's ineffective-assistance-of-counsel claim on direct appeal.  See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (in general, we will not "consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record.").

AFFIRMED.